UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EAMONN J. ANDERSON, an individual; JULIE A. ANDERSON, an individual,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>BANK OF AMERICA, N.A.; NORTHWEST TRUSTEE SERVICES; U.S. BANK, NATIONAL ASSOCIATION, as Trustee for the Certificate holders of CSFB Mortgage-Backed Pass-Through Certificates, Series 2004-AR4; and Ocwen Loan Servicing, Inc.,<br><br>　　　　　　　Defendants. | Case No. 2:15-CV-00198-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

　　　　Pending before the Court is Plaintiff Eamonn J. Anderson and Julie A. Anderson's Verified Complaint For: 1. Wrongful Foreclosure; 1. Violation of Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692e; 3. Quiet Title; 4. Civil RICO violations; 5. Civil Conspiracy; and 6. Declaratory Relief. Dkt. 1. The Plaintiffs are appearing pro se. There is no pending motion filed with the Court seeking injunctive relief, however, the Court notes the Complaint's Prayer for Relief includes a request that this Court issue a temporary restraining order and preliminary injunction restraining Defendants from continuing their efforts to conduct a Trustee's Sale of the Property. *Id.* at 18. The

**MEMORANDUM DECISION AND ORDER- 1**

Complaint alleges the Property to be the real property located at 17393 W. Summerfield Rd., Post Falls, ID 83854 and that the trustee's sale date is June 25, 2015. *Id.* at 5 and 14.

The Court's review of the Complaint is undertaken with an eye on Ninth Circuit standards regarding pro se litigants. *Tucker v. Carlson*, 925 F.2d 330 (9th Cir. 1991). However, the Court reminds Plaintiffs that pro se litigants are held to same procedural rules as counseled litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). A lawsuit is initiated by the filing of a Complaint, but in order for the Court to take action a motion must be filed. The Court does not act just because a Complaint requesting certain relief is filed.

To the extent Plaintiffs' Complaint could be construed as a motion for a temporary restraining order or motion for preliminary injunction, the motions are denied.

Plaintiffs' Complaint alleges Defendants do not have the right to foreclose on the Property as Defendant Bank of America, N. A. no longer owns the Note and Deed of Trust. The Deed of Trust and Note are not attached to the Complaint. The allegations in the Complaint are not supported by any documentation. Many of the allegations are merely "suspicions" by Plaintiffs.[1] The Complaint alleges the actual mortgage at issue in this case is in the amount of $393,617.41. *Id.* at 4. Plaintiffs do not allege they are not in default under the terms of the Deed of Trust and Note, rather they claim the Deed of Trust and Note should be cancelled, null and void.

---

[1]This is not Plaintiffs' first time in federal court regarding this property. *See Anderson et al v. Northwest Trustee Services Inc. et al*, case 2:14-cv-485-EJL.

**MEMORANDUM DECISION AND ORDER- 2**

Plaintiffs allege six causes of action in their Complaint: Wrongful Foreclosure; Violation of Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692e; Quiet Title; Civil RICO violations; Civil Conspiracy; and Declaratory Relief.

**Analysis**

Temporary restraining orders are governed by Federal Rule of Civil Procedure 65(b) which requires the moving party to show that "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party . . . can be heard in opposition...." A court may issue a TRO without notice only if "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

The Ninth Circuit has treated the standard for determining whether a temporary restraining order should be granted as the same as a preliminary injunction. *Golden Gate Restaurant Ass'n v. City and County of San Francisco*, 512 F.3d 1112, 1115 (9th Cir.2008). The Supreme Court clarified the standard for a preliminary injunction to require a plaintiff to show "[1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."*Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted).

**MEMORANDUM DECISION AND ORDER- 3**

"The basic function of a preliminary injunction is to preserve the *status quo ante litem* pending a determination of the action on the merits. Where no new harm is imminent, and where no compelling reason is apparent, the district court was not required to issue a preliminary injunction against a practice which has continued unchallenged for several years." *Oakland Tribune, Inc. v. Chronicle Pub. Co., Inc.*, 762 F.2d 1374, 1377 (9th Cir. 1985) (citation omitted); *see also Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984) (stating the purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment.); *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979) ("Mandatory preliminary relief ... is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party.") (citation omitted).

In reviewing the Complaint, the Court finds Plaintiffs have not satisfied the *Winter* requirements that they are likely to succeed on the merits of their claims, that they will suffer irreparable harm, the balance of equities tips in Plaintiffs' favor and that a TRO would be in the best interests of the public.

In reviewing the Complaint, the Court finds only some of the causes of action are even possible for consideration of the issuance of a TRO. The Court will conduct a brief review of the likelihood of success on the merits of the following claims: wrongful foreclosure, quiet title, Truth-in-Lending Act and the Fair Debt Collections Practice Act.

As to the wrongful foreclosure claim, the Idaho Supreme Court rejected the same

**MEMORANDUM DECISION AND ORDER- 4**

standing argument raised by Plaintiffs here in *Trotter v. Bank of New York Mellon*, holding that "a trustee may initiate nonjudicial foreclosure proceedings on a deed of trust without first proving ownership of the underlying note...." 275 P.3d 857 (Idaho 2012). This Court, in conformance with the Idaho Supreme Court's interpretation of Idaho law, likewise rejects Plaintiffs' argument that Defendants lack the ability to foreclose because they lack standing or must "prove" ownership of the original note. *See Cherian v. Countrywide Home Loans, Inc. et. al.*, No. 1:12-cv-00110-BLW, 2012 WL 2865979 *3 (D. Idaho July 11, 2012).

A promissory note constitutes an instrument under Idaho Code §28-3-104(5), payable initially to original holder. *See* Idaho Code § 28-3-110. A "transfer" of an instrument occurs when it is delivered to another, and the person receiving delivery is given the right to enforce the instrument. Idaho Code § 28-3-203(1). An instrument may be transferred with or without an indorsement. Idaho Code § 28-3-203(3).[2] If an instrument is transferred without an indorsement, the transferee does not become a holder of the instrument, but still has an enforceable right to the unqualified indorsement of the transferor, and may enforce the right to payment as a non-holder in possession. Idaho Code 28-3-208(3); *In re Wilhelm*, 407 B.R. 392, 401 (Bankr. D. Idaho 2009) (explaining how a nonholder in possession may enforce rights under a note that was transferred to it.) In other words, an indorsement is not required

---

[2] An indorsement means a "signature, other than that of a signer as maker, drawer or acceptor, that . . . is made on an instrument for the purpose of negotiating the instrument . . ." Idaho Code §28-3-204(1). Negotiation of an instrument entails a "transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder." Idaho Code 28-3-201(a).

**MEMORANDUM DECISION AND ORDER- 5**

for a subsequent transferee to enforce the terms of a note. The transferee may not acquire the rights of a holder in due course under Idaho Code §28-3-302, but still may "prove the transaction" by which they acquired the note. *See In re Wilhelm*, 407 B.R. 392, 401 (Bankr. D. Idaho 2009).

In this case, Plaintiffs allege the holder of the note does not have the right to enforce the terms of the note. But there is no evidence before this Court that the current holder of the notes lacks the ability to "enforce" the note.

Next, Plaintiffs contend that their "title is clouded," and have styled their Complaint as a quiet title action, asking all parties who have a legal claim to the property to provide proof of such claim. In Idaho, a quiet title "action may be brought by any person against another who claims an estate or interest in real or personal property adverse to him, for the purpose of determining such adverse claim." Idaho Code § 6-401. The "purpose of a quiet title action is to establish the security of title." *Roselle v. Heirs and Devisees of Grover*, 789 P.2d 526, 529 (Idaho Ct. App. 1990).

The record in this case does not reflect that any foreclosure sale has occurred in regard to the Property. And nothing in the record suggests that Plaintiffs are not still the Property's owners of record, or that some other third party is claiming an interest in the Property. However, fatal to the Plaintiffs' quiet title claim is their failure to plead tender. "A mortgagor cannot without paying his debt quiet title as against the mortgagee." *Trusty v. Ray*, 249 P.2d 814, 817 (Idaho 1952). This is true even where the mortgagee has failed to pursue a foreclosure action within the applicable statute of limitations. *Id.*; *see also In re*

**MEMORANDUM DECISION AND ORDER- 6**

*Mullen*, 402 B.R. 353, 358 (Bankr. D. Idaho 2008). Plaintiffs have not included an assertion in their complaint that they tendered payment of the debt obligation set forth in the Complaint. Without evidence or even an assertion that Plaintiffs can or are willing to tender payment on their loan, they cannot succeed on their quiet title action, as a matter of law. *See Gilbert v. Bank of America, N.A., et. al.*, Case No. 1:11-cv-00272-BLW.

Plaintiffs have not pleaded that they do not owe the debt. They appear to acknowledge they are in default. This pleading defect is fatal to their quiet title claim, yet Plaintiffs never address the issue in their Complaint. Instead, they allege that Defendants cannot properly foreclose the trust deed because, among other arguments, Plaintiffs are entitled to a determination of who owns the Note and Deed of Trust. The Court is not persuaded. In a different factual setting, a request for such a determination might make sense. But here, Plaintiffs have failed to allege tender, precluding their quiet title action. The fact that the underlying note, or an interest in the note, may have been sold does not somehow relieve Plaintiffs from making payments. "Plaintiff cannot establish a cloud on the title to the property just because Plaintiff has not been provided proof of which entity holds the original promissory note." *Meyer v. Bank of Am.*, Case No. 1:10- cv-632-EJL-REB, 2011 WL 4584762, at *3 (D. Idaho Sept. 30, 2011). As in *Meyer*, Plaintiffs allege they are the undisputed fee owners of the property at this time. Plaintiffs do not contest they executed the note and deed of trust at issue. Thus, absent a tender allegation, Plaintiffs are not likely to succeed on their quiet title claim.

**MEMORANDUM DECISION AND ORDER- 7**

Plaintiffs' Truth-in-Lending Act (TILA) claim requires "notice" to the lender within three (3) years from the date the original deed of trust and note were executed. *Jesinoski v. Countrywide Home Loans, Inc.*, ___U.S. __, 135 S.Ct. 790 (2015). Plaintiffs have not set forth the date they executed the Deed of Trust and Note to establish this claim is within the applicable statute of limitations. Therefore, the Court is without the ability to determine the Plaintiffs' likelihood of success on this claim. Since Plaintiffs have failed to carry their burden on this claim it cannot be used to justify the issuance of a TRO. Moreover, the remedy for such a claim appears to be money, not injunctive relief so a TRO on this claim would be inappropriate. While calculating damages may be difficult, damages are regularly awarded to rectify this type of harm and any monetary injury to Plaintiffs can be quantified and assessed. Therefore, the Court finds that damages would provide an adequate remedy if Plaintiffs are successful on this claim. *See, e.g., Los Angeles Memorial Coliseum Comm'n*, 634 F.2d 1197, 1202 (9th Cir. 1980).

Additionally, Plaintiffs have not established that any alleged violations of the Fair Debt Collection Practices Act could not be remedied with the award of money. As previously stated, monetary damages to be assessed in the future does not justify the issuance of a TRO.

As to irreparable injury, the Court finds such allegations are speculative at this stage in the litigation. Speculative injury is insufficient to support a finding of irreparable harm. As the Ninth Circuit has stated,

**MEMORANDUM DECISION AND ORDER- 8**

> Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction . . . a plaintiff must do more than merely allege imminent harm to establish standing, a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief.

*Carribean Marine Service Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988).

Further, the Court is not satisfied Plaintiffs have established the balance of equities tips in their favor or that the issuance of a TRO under the facts alleged in the Complaint would be in the public's interest.

Finally, The Court cannot ignore that Plaintiffs have failed to comply with the requirements of Fed. R. Civ. P. 65 (b) in that they have failed to certify in writing any efforts made to give notice to Defendants and why such notice should not be required. Simply claiming they will suffer irreparable injury is not enough when Plaintiffs' have had adequate notice of the upcoming Trustee's Sale and failed to timely file a motion for a TRO and serve Defendants so the Court could hear from the adverse parties. Plaintiffs have also failed to provide security as required by Rule 65(c).

For all the reasons cited in this Order, the Court finds Plaintiffs' prayer for a temporary restraining order or preliminary injunction must be **DENIED.** Plaintiffs are directed to serve a copy of this Order on the Defendants since the Defendants have not yet appeared.

**MEMORANDUM DECISION AND ORDER- 9**

So Ordered.

DATED:  **June 19, 2015**

~~Honor~~able Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER- 10**