UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EAMONN J. ANDERSON, an individual, JULIE ANN ANDERSON, a third party intervener,<br><br>                Plaintiffs,<br><br>   v.<br><br>NORTHWEST TRUSTEE SERVICES, INC.; U.S. BANK, NATIONAL ASSOCIATION, as Trustee for the Certificateholders of CFB Mortgage-Backed Pass-Through Certificates, Series 2004-AR4; BANK OF AMERICA, N.A.; OLWEN LOAN SERVICING, INC.,<br><br>                Defendants. | Case No. 2:15-CV-00198-EJL-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

      Pending before the Court are Defendants Bank of America, N.A. (BANA) and U.S. Bank, N.A., as Trustee for the Certificateholders of CFB Mortgage-Backed Pass-Through Certificates, Series 2004-AR4 (US. Bank) Motion to Dismiss (Dkt. 47) and Defendant Robinson Tait, P.S. (Tait)'s Motion to Dismiss (Dkt. 54).

      Pro se Plaintiffs Eamonn J. Anderson and Julie A. Anderson (the Andersons) have responded to motions and Defendants have filed replies. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the

**MEMORANDUM DECISION AND ORDER- 1**

Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

## Factual Background

The Andersons filed a Verified Complaint For: 1. Wrongful Foreclosure; 2. Violation of Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692e; 3. Quiet Title; 4. Civil RICO violations; 5. Civil Conspiracy; and 6. Declaratory Relief. Dkt. 1. The Court previously reviewed the Complaint assuming Plaintiffs were also requesting injunctive relief based on their Prayer for Relief. Dkt. 4. The request for injunctive relief was denied. *Id.* Plaintiffs claim Defendants illegally foreclosed on their property located at 17393 W. Summerfield Road, Post Falls, Idaho (the Property).

Plaintiffs were allowed to file a First Amended Complaint on January 27, 2016. Dkt. 43. The First Amended Complaint sets forth three causes of action: 1. Wrongful Foreclosure against BANA and Tait; 2. Quiet Title against BANA; and 3. Declaratory Relief. Plaintiffs do not allege they were not in default under the terms of the Deed of Trust and Note when the Property was foreclosed, rather they claim the Deed of Trust and Note should be cancelled and considered null and void based on the unlawful foreclosure. The Plaintiffs also claim they were not properly notified of a change in the trustee.

In 2004, Plaintiffs executed a Note and Deed of Trust reflecting a debt secured by the Property. The original lender was GreenPoint Mortgage Funding, Inc. (GreenPoint)

**MEMORANDUM DECISION AND ORDER- 2**

and Mortgage Electronic Registration Systems, Inc. (MERS) was the nominee for GreenPoint and GreenPoint's successors and assigns. On May 29, 2012, MERS executed an Assignment of Deed of Trust transferring the beneficial interest to US Bank. On May 12, 2012, Plaintiffs served BANA with a Rescission Notice pursuant to the Truth in Lending Act (TILA), 15 U.S.C. § 1601. BANA informed Plaintiffs the time to rescind the loan had expired.

Plaintiffs filed suit in Washington state court regarding the foreclosure of the Property and such claims were dismissed with prejudice by the state court on or about May 30, 2014. *See* Bower Affidavit, Exhibits 1 and 2, Dkt. 47-5 and 47-6. The Court has previously ruled it will take judicial notice of the state court proceedings pursuant to Fed. R. Evid. 201(b). Dkt. 57.

Plaintiffs then filed their first action in federal court regarding this Property. *See Anderson et al v. Northwest Trustee Services Inc. et al*, case 2:14-cv-485-EJL. (Plaintiff misstates in the First Amended Complaint that this other civil action was filed in November of 2015, but it was filed in November of 2014.) Plaintiffs voluntarily dismissed the 2014 case after a motion for dismiss was filed by Defendants.

Now on June 12, 2015, Plaintiffs have filed this third action regarding the foreclosure of the Property claiming the Property was improperly foreclosed. The Trustee sale on the Property was held on June 26, 2015. Defendants have moved to dismiss based on a lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

**MEMORANDUM DECISION AND ORDER- 3**

**Standard of Review**

A defendant may move to dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) in one of two ways. *See Thornhill Publ'g Co., Inc. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). The attack may be a "facial" one where the defendant attacks the sufficiency of the allegations supporting subject matter jurisdiction. *Id.* On the other hand, the defendant may instead launch a "factual" attack, "attacking the existence of subject matter jurisdiction in fact." *Id.* A "factual" attack made pursuant to Rule 12(b)(1) may be accompanied by extrinsic evidence. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *Trentacosta v. Frontier Pac. Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir. 1987). "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Thornhill*, 594 F.2d at 733.

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In deciding whether to grant a motion to dismiss, the court "accept [s] all factual allegations of the complaint as true and draw[s] all reasonable inferences" in the light most favorable to the nonmoving party. *Rodriguez v. Panayiotou*, 314 F.3d 979, 983 (9th Cir. 2002). To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)).

**MEMORANDUM DECISION AND ORDER- 4**

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. 556-57).

Dismissal also can be based on the lack of a cognizable legal theory. *Balistreri v. Pacifica* Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Nevertheless, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555; *Iqbal*, 556 U.S. 675 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

**MEMORANDUM DECISION AND ORDER- 5**

## Analysis

The Court finds as a matter of law that the claims against BANA, US Bank and Tait must be dismissed. First, the claims are barred by the doctrine of *res judicata* which prevents a parte from re-litigating a claim or issue previously tried and decided. *See Navarro v. Yonkers,* 173 P.3d 1141, 1144 (Idaho 2007). The Washington state court proceeding resolved the rights of BANA and US Bank to foreclose. Plaintiffs respond that *res judicata* should not apply as they had incompetent counsel. All the parties to the state court action are bound by the substantive rulings made by the state court regarding the Property.

Moreover, Plaintiffs did not appeal the state court rulings and cannot circumvent the state court appellate process by filing a new action in federal court. This is the *Rooker-Feldman* doctrine. *See Heinrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007).

Plaintiffs chose their attorney for the state court proceedings. Whether or not Plaintiffs have a claim for legal malpractice against their attorney who represented them in state court is not before this Court and such a claim does not prevent this Court from applying the *res judicata* doctrine or the *Rooker-Feldman* doctrine in this matter. Accordingly, this Court has no jurisdiction over Plaintiffs renewal of the claims attacking BANA and US Bank's legal status to foreclose on the Property.

Second, Plaintiffs TILA claims must be dismissed as time barred. The statute of limitations for a TILA claim is triggered when the borrower enters into the loan

**MEMORANDUM DECISION AND ORDER- 6**

agreement. *King v. Cal.*, 784 F.2d 910, 915 (9th Cir. 1986). There is a one year statute of limitations on a TILA damages claim from the date of the occurrence of the violation. 15 U.S.C. § 1640(e), *Shaw v. Lehman Bros. Bank*, FSB, 2009 WL 790166, at *4 (D. Idaho 2009). Plaintiffs did not file their TILA damages claim within one year of entering the loan so such claim is barred by the statute of limitations.

Any rescission claim under TILA is also barred by the applicable three year statute of limitations. 15 U.S.C. § 1635(f). Again, the three years runs from the date the loan was commenced in 2004. Plaintiffs allege a rescission notice was served on BANA on May 12, 2015. BANA does not contest such a notice was sent by Plaintiffs. Rather, BANA responded to the Plaintiffs that the TILA rescission claim was untimely. Plaintiff sets forth no allegations to show that the May 12, 2015 notice was filed within three years of the alleged violation - the signing of the note and deed of trust. Neither the statute nor public policy allows a plaintiff to extend the statute of limitations on a rescission claim by a plaintiff claiming they did not know they had a rescission claim years ago – in this case 11 years ago when the loan documents were executed.

Even considering Plaintiffs' TILA claim is based on alleged violation from the date the loan was transferred, the Assignment of Deed of Trust to US Bank was executed on May 29, 2012 and this action was not filed until June 15, 2015. This is over three years after such assignment and any alleged TILA damages or rescission claims from this alleged May 2012 violation is also barred.

**MEMORANDUM DECISION AND ORDER- 7**

Third, as to the wrongful foreclosure claim, the Idaho Supreme Court rejected the same standing argument raised by Plaintiffs here in *Trotter v. Bank of New York Mellon*, holding that "a trustee may initiate nonjudicial foreclosure proceedings on a deed of trust without first proving ownership of the underlying note...." 275 P.3d 857 (Idaho 2012). This Court, in conformance with the Idaho Supreme Court's interpretation of Idaho law, likewise rejects Plaintiffs' argument that Defendants lack the ability to foreclose because they lack standing or must "prove" ownership of the original note. *See Cherian v. Countrywide Home Loans, Inc. et. al.*, No. 1:12-cv-00110-BLW, 2012 WL 2865979 *3 (D. Idaho July 11, 2012).

Fourth, as to Plaintiffs' quiet title cause of action, this claim fails as Plaintiffs' failed to allege they tendered the amount due under the Note. "A mortgagor cannot without paying his debt quiet title as against the mortgagee." *Trusty v. Ray*, 249 P.2d 814, 817 (Idaho 1952). Plaintiffs have not included an allegation in their First Amended Complaint that they tendered payment of the debt obligation at issue. Without evidence or even an assertion that Plaintiffs were willing or did in fact tender payment on their loan, they cannot succeed on their quiet title action, as a matter of law. *See Gilbert v. Bank of America, N.A., et. al.*, Case No. 1:11-cv-00272-BLW.

Fifth, the cause of action against the subsequent trustee Jennifer Tait of Robinson Tait, P.S. also fails as a matter of law. Plaintiffs allege Tait failed to give them notice she was the successor trustee. This is not a cognizable claim. The recorded documents establish that the Substitute Trustee was properly recorded in Kootenai County on

**MEMORANDUM DECISION AND ORDER- 8**

May 1, 2015 as Instrument Number 2496272000. Idaho Code § 45-1504 states that the successor trustee shall be vested with all powers of the original trustee upon recording of the appointment. The statute does not require notice to be given to Plaintiffs in order for the successor trustee to be authorized under the law to take action such as the trustee sale in this case. Simply put, there is no requirement under Idaho law that a trustee's sale be postponed just because a new trustee is appointed after the issuance of the Notice of Sale. The new trustee had all the powers of the former trustee and was just stepping into the shoes of the former trustee when the appointment of the successor trustee was recorded.

Moreover, a foreclosure sale is final and wrongful foreclosure claims post-sale fail as a matter of law. Plaintiffs do not contest the Trustee's Deed selling the property was recorded on July 16, 2015 in the records of Kootenai County under Instrument Number 2506671000. Pursuant to Idaho Code § 45-1508, the sale is final as to all persons notified of the sale. While Plaintiffs claim they were not notified of the change in trustee, they do not claim they were not notified of the sale of the Property.

Sixth, any right to declaratory relief would be based on Plaintiffs' substantive causes of action. Having found the substantive causes of action should be dismissed, the claim for declaratory relief is also dismissed.

## Request to Amend Complaint

In Plaintiff's response to BANA and US Bank's motion they should be allowed to amend their complaint for a second time based on a newly discovered cause of action. BANA

**MEMORANDUM DECISION AND ORDER- 9**

and US Bank responded that the expert witness and audit referred to as the newly discovery claim were submitted to and considered by the Washington state court.

Pursuant to Fed. R. Civ. P. 15(a), leave to amend a pleading "shall be freely given when justice so requires." However, "leave to amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). A court should deny a motion to amend "if permitting such an amendment would prejudice the opposing party, produce an undue delay in the litigation or result in futility for lack of merit." *Id.* Factors to consider in deciding a motion to amend include: bad faith, undue delay, prejudice to the opposing party, the futility of amendment; and whether plaintiff has previously amended its complaint. *Forman v. Davis*, 371 U.S. 178, 182 (1962). The burden of establishing prejudice is on the party opposing amendment. *DCD Program v. Leighton*, 833 F.2d 183 (9th Cir. 1987).

In this case, Plaintiffs were already allowed to amend their Complaint once. The Court finds the expert report and audit referred to by Plaintiffs is not "newly discovered" and would not be considered by this Court based on the doctrines of *res judicata* and *Rooker-Feldman*. Nothing in the response to the motions to dismiss establish that Plaintiffs' amendments (which are not described) would not result in futility for lack of merit. Allowing an amendment would also cause undue delay and would be prejudicial to Defendants since the foreclosure sale is final. The Court denies any request to allow a second amendment of the Complaint.

**MEMORANDUM DECISION AND ORDER- 10**

## ORDER

**IT IS ORDERED:**

1. Defendants' Motions to Dismiss (Dkt. 47 and 54) are **GRANTED**.

2. Plaintiffs' request to amend the Complaint a second time is **DENIED.**

3. This matter is **DISMISSED IN ITS ENTIRETY**.

DATED: **September 15, 2016**

Honorable Edward J. Lodge
U. S. District Judge